Edgar Gurtner et al., Plaintiffs in Error, v. C. F. Skillman et al., Defendants in Error.

Gen. No. 8,820.

Opinion filed June 15, 1934. Rehearing denied July 17, 1934.

J. B. JISKRA and J. M. SULLIVAN, for plaintiffs in error.

WILLIAM R. BACH and WILLIAM J. BACH, for defendant in error Trustees of Shabbona Tribe of Redmen.

MR. JUSTICE FULTON delivered the opinion of the court.

This was an action to foreclose a trust deed brought by the owners of five notes, aggregating the sum of $3,000, being a part of a total issue of $7,000, described in the trust deed and dated August 8, 1929. The notes and the trust deed were signed by C. F. Skillman and Constance V. Skillman, his wife, and one J. B. Murphy was named as trustee in the said trust deed. The original bill made the "unknown owners" of bonds or notes secured by the trust deed, as parties defendant. Later on several of the "unknown owners" came in and asked for leave to intervene and to become party complainants. The complainants

then filed an amendment to the original bill of complaint setting up the fact that certain of the petitioners, as trustees of the Shabbona Tribe No. 18, Improved Order of Redmen, were the owners of certain notes, which were not genuine but were fraudulent and simulations of notes owned by the complainants and not secured by the trust deed.

There is not a great amount of controversy over the facts. The proofs show that on August 8, 1929, the notes and trust deed were executed by the Skillmans; that after the trust deed was recorded as document No. 5458, both this instrument and the notes were presented to J. B. Murphy, trustee, and he identified 10 notes with the following certification:

"This is one of the Principal Notes described in the within mentioned Trust Deed, recorded in the office of the Recorder of McLean County, Illinois, as Document No. 5458. J. B. Murphy, Trustee."

The trust deed described the notes as follows: "to secure the payment of $7000.00, as evidenced by ten certain promissory notes, bearing even date herewith as follows; four notes, each for the principal sum of $1000.00, each of said notes falling due August 8, 1934, and six notes, each for the principal sum of $500.00, each of said notes falling due August 8, 1934."

The notes were all signed by the Skillmans, payable to the order of themselves and by them duly indorsed and delivered.

The 10 notes aggregating the sum of $7,000, so certified to by J. B. Murphy, trustee, were all admitted in evidence and conceded to be genuine in all particulars and secured by the trust deed.

In addition to these, four other notes, aggregating the sum of $3,000, were presented and admitted in evidence. They were all dated August 8, 1929, duly signed by the Skillmans and purported to be certified by J. B. Murphy, trustee, as original notes included

in and secured by the trust deed. However, the trustee testified that the certification to these notes was not genuine and that the signatures to such certificates were forgeries. Therefore the record shows 10 notes aggregating $7,000, properly identified by the genuine signature of the trustee about which there was no question and four notes aggregating $3,000 with a forged identification over which the controversy arises.

There were two junior liens, one in favor of one Fred C. Graebke, arising from a levy made upon the premises and one a second mortgage or trust deed placed upon the premises by grantees of the Skillmans, but no claim is made for priority in behalf of such liens.

J. B. Murphy, the trustee, had no interest or claim in or to any of the indebtedness, save only as trustee.

The case was referred to the master in chancery, who reported and found in favor of the plaintiffs in error and the owners of the 10 notes bearing the genuine signature of J. B. Murphy, trustee, and further found that the notes bearing the forged identification of the trustee were not secured by the trust deed. The trustees for the Shabbona Tribe No. 18, of Improved Order of Redmen took exceptions to the master's report, which upon argument were sustained by the circuit court. A decree was entered in that court ordering foreclosure because of default in the payment of interest and taxes and further providing that all the notes above referred to should share equally on a pro rata basis in the security since they were all the genuine notes of the makers, and were all negotiated by the mortgagors, who received full value therefor. The court further found that attorney's fees of $350 be allowed but should be apportioned among all solicitors participating in the same in proportion to the holdings of their respective clients.

The writ of error was sued out in this court seeking to reverse that decree.

It is contended by plaintiffs in error that the trial court erred in sustaining exceptions to the master's report and in providing in the decree for all note-holders aggregating the sum of $10,000, participating in the mortgage indebtedness of $7,000 and in proportioning solicitor's fees among the solicitors representing all of said notes.

The defendants in error in defending the decree of the circuit court say that all the notes which bear the signatures of the Skillmans are first mortgage notes, were negotiated by them and they received full value for the same; that neither the trust deed itself nor the notes secured thereby, provided for certification by the trustee; that certification by the trustee was not necessary to validate any of said notes and the forged certification did not affect their validity.

It therefore appears that the real question for determination is whether those notes bearing the genuine signature of the trustee to the certificate identifying the notes have equal or superior rights with those bearing the forged identification certificates. None of the notes was negotiated until several weeks after they were executed. Counsel for the defendants in error point out the fact that there are no authorities directly in point on the principal question in the case and that it must be decided on the fairness, justice and equities involved.

It is our judgment that all equitable principles are against the findings of this decree. It is clear from the record that the Skillmans made and executed the 10 notes about which there is no question, and the trust deed securing them, as a bona fide mortgage loan and as additional protection to the trustee as well as to purchasers of the notes had both the deed and notes fully identified by the said trustee. It is evident that all other notes were made for the fraudulent purpose of issuing duplicates of the original notes and negotiating their sale. The fact that the identification cer-

tificates were forged was evidence of the fraudulent intention and purpose of the makers. We believe these notes were never intended to be and were not secured by the trust deed. If such a practice were permitted there is nothing to prevent a dishonest mortgagor from issuing a series of notes securing them by a trust deed, securing identification thereof by a bona fide trustee, negotiating them into the hands of innocent purchasers for value, and then going out to the world and disposing of duplicate notes signed by himself but bearing forged identification certificates and thus cause innocent holders for value substantial losses because of such fraudulent conduct.

We do not feel that a court of equity should lend its aid to unscrupulous practices of that character and hold that the decree of the lower court be reversed and the cause remanded to the circuit court with directions to enter a decree for the plaintiffs in error in accordance with the views expressed herein.

*Reversed and remanded with directions.*